UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

YOLANDA GARCIA,

    Plaintiff,

vs.

VALUE RX LAB, INC., a Florida Profit Corporation,
MOISES ZURIARRAIN, individually, and TANARA
SIMON, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff YOLANDA GARCIA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, VALUE RX LAB, INC., a Florida Profit Corporation (hereinafter, "VALUE RX"), MOISES ZURIARRAIN (hereinafter "ZURIARRAIN") individually, and TANARA SIMON (hereinafter "SIMON") individually, collectively ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the District.

1

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants in the inspection department. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant VALUE RX LAB is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant VALUE RX LAB had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. Defendant VALUE RX LAB is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant VALUE RX LAB is an eyewear supplier store. Defendant, upon information and belief, provides optical services for individuals and wholesale.

10. At all times material to this Complaint, VALUE RX LAB, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that Plaintiff is covered under the FLSA through individual coverage. Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly utilized telephones, computers and other machinery to inspect the product.

12. Defendant VALUE RX LAB upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant ZURIARRAIN is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, VALUE RX LAB.

14. Defendant ZURIARRAIN acted directly in the interest of his company, VALUE RX LAB. Upon all available information, ZURIARRAIN controlled the manner in which Plaintiff performed her work, and the hours she worked.

15. Defendant SIMON is a corporate officer of and exercised operational control over the activities of corporate Defendant, VALUE RX LAB.

16. Defendant SIMON acted directly in the interest of VALUE RX LAB. Upon all available information, SIMON controlled the manner in which the Plaintiff was to receive her pay.

17. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

18. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

19. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

20. Specifically, Plaintiff performed work for Defendants as a non-exempt full-time in the inspection department from on or about 2016 until on or about February 12, 2021.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. During the course of her employment, Plaintiff worked between 45-60 hours per work week. Plaintiff earned $13.00/hour through the end of 2019, $13.40/hour during 2020, and $14.00/hour towards the end of her employment. However, Plaintiff was not compensated at the rate of time and half for some of the hours over 40 in a work week for a period of time.

23. A review of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that from the beginning of her employment until on or about September 2020, Plaintiff was compensated for all hours worked at her regular rate.

24. From the beginning of Plaintiff's employment through October 2020, despite the fact that Plaintiff worked over 40 hours in a workweek, she was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times her regular rate for all hours worked in excess of forty (40) hours.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

28. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/OVERTIME**
**against VALUE RX LAB**

30. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. This action is brought by Plaintiff to recover from Defendant VALUE RX LAB unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Since the commencement of Plaintiff's employment VALUE RX LAB has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

33. Specifically, throughout her employment Plaintiff regularly worked between 45-60 hours during each workweek in which she was employed.

34. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

35. VALUE RX LAB is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). VALUE RX LAB's business activities involve those to which the Fair Labor Standards Act applies.

36. The Plaintiff was in the inspection department and was at all relevant times, covered by the FLSA.

37. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed clerical tasks such as answering phones and did not have decision-making authority.

38. VALUE RX LAB has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

39. By reason of the said intentional, willful and unlawful acts of VALUE RX LAB, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. VALUE RX LAB never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of VALUE RX LAB's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from VALUE RX LAB.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant VALUE RX LAB:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against MOISES ZURIARRAIN

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

44. At the times mentioned, Defendant MOISES ZURIARRAIN was, and is now, a corporate officer of corporate Defendant, VALUE RX LAB.

45. MOISES ZURIARRAIN was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that MOISES ZURIARRAIN acted directly in the interests of Defendant VALUE RX LAB in relation to their employees including

Plaintiff.

46. Specifically, MOISES ZURIARRAIN supervised Plaintiff, determined her day-to-day schedule, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

47. MOISES ZURIARRAIN had operational control of the business and is thus jointly liable for Plaintiff's damages.

48. Defendant MOISES ZURIARRAIN willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MOISES ZURIARRAIN:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### VIOLATION OF FLSA/OVERTIME
### against TANARA SIMON

49. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

50. At the times mentioned, Defendant SIMON was, and is now, a corporate officer of corporate

Defendant, VALUE RX LAB.

51. SIMON was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SIMON acted directly in the interests of Defendant VALUE RX LAB in relation to their employees including Plaintiff.

52. Specifically, SIMON determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

53. SIMON had operational control of the business and is thus jointly liable for Plaintiff's damages.

54. Defendant SIMON willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant SIMON:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## DEMAND FOR JURY TRIAL

Plaintiff, YOLANDA GARCIA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 7, 2021                    **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com